## Case No. 7,122.

The JACK JEWETT.

[2 Ben. 463.] [1]

District Court, S. D. New York.    June, 1868.

Beebe, Dean & Donohue, for libellant.
J. K. Hill, for claimant.

BLATCHFORD, District Judge. This is a libel for salvage, filed by the owner of the steamboat Gamecock, a vessel engaged in the business of towing, against the steamboat Jack Jewett. The Gamecock, while on a trip from New Haven to New York, between one and two o'clock a. m., on the 14th of October, 1866, towing a vessel, discovered the Jack Jewett on fire, lying at a wharf at Riker's Island. The libel avers that the fire had driven the crew of the Jack Jewett from her; that she was abandoned by her officers and crew; and that, under those circumstances, she was about being destroyed, when the Gamecock, with her crew, went to the assistance of the Jack Jewett, and by the exertions of such crew, and the use of the steamboat and her pump, the fire was put out, and the vessel saved in a damaged state, when otherwise she would have been totally destroyed. The libel claims that the libellant is entitled to salvage to the amount of seventy-five per cent. of the value of the saved property, which is averred to be $4,500. The answer sets up that, at the time of the fire, the Jack Jewett was moored at the wharf at Riker's Island; that, after she had been burning over two hours, and all her joinerwork had been destroyed, and nothing was left of her, except her hull and water tanks, and the flames had so subsided that her crew had been enabled to return to her, and were engaged in extinguishing the fire in her timbers and hull, the Gamecock came up, and, against the will and remonstrance of the master and persons in charge of the Jack Jewett, threw some water, through a small hose, upon the hull and timbers of the Jack Jewett; that such services were of no real benefit to her; that all that was saved of her would have been saved, without the aid or services of the Gamecock; that nothing was saved except the hull, which was in a damaged condition; that all lien for salvage was lost, because the libellant left the Jack Jewett in the possession of the claimant; and that this court has no jurisdiction of this suit, because it is brought for services rendered to a vessel while she was moored at a wharf, and not while she was employed on the high seas.

The libellant is not entitled to recover as a salvor in this case. He was not personally engaged in the service. The libel is not filed on behalf of those who were personally engaged in the service. It is filed solely on behalf of the libellant, as owner of the Gamecock, for salvage compensation to him as such owner. There can, therefore, be no award of salvage remuneration in this case. The Charlotte, 3 W. Rob. Adm. 68, 72. But the libellant, as owner of the vessel which rendered the assistance, and which was diverted for a time from her proper employment, is entitled to an equitable compensation for the use of his vessel. The Charlotte, above cited. The Gamecock was engaged in pumping water on the Jack Jewett for nearly two hours, and was delayed in all not over from three to four hours, when she resumed her voyage. It is shown that the value of her time, in towing, is ten dollars an hour. This rate of compensation, so far as the libellant, as owner of the boat, is concerned, covers the time of the boat, and the value to him of the services of her officers and crew. In addition to the service which the Jack Jewett would have received, if the Gamecock had been towing her, the Jack Jewett had the benefit of the use of the steam-pump of the Gamecock, to throw the water. Something should be allowed for this. I think an aggregate compensation of $150 to the libellant is sufficient.

It is in evidence, that the owner of the Jack Jewett never heard of the claim for salvage till the libel was filed, which was about six weeks after the fire, and after a settlement had been made by him with the insurance companies who had insurances on the vessel, and after he had commenced to rebuild her. In view of this, and of the unconscionable amount demanded for salvage in the libel, in a case which is not a case of salvage at all, I shall not allow costs to the libellant. A decree will be entered accordingly.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]